UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TRAVIS T. TAGHON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-24-JD-MGG |
| ST. JOSEPH COUNTY INDIANA, et al., | |
| Defendants. | |

OPINION AND ORDER

Travis T. Taghon, a prisoner without a lawyer, filed a complaint alleging he was injured in an automobile collision while being transported to court from the St. Joseph County Jail. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Taghon alleges the two officers who placed him in the transport van on January 24, 2018, did not buckle him with a seatbelt. However, because he "did not have a clearly established right to a seatbelt, *Dale v. Agresta*, 771 F. App'x 659, 661 (7th Cir. 2019), he does not state a claim against either Mike Fulnecky or C. Rutkowski.

Taghon also alleges, "jail policy does not call for inmates to be placed in safety belts while being transported to court." ECF 1 at 3. Taghon does not allege jail policy prohibited seatbelts, only that it did not require them. To state a claim against a municipality based on a policy, practice, or custom pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), the complaint must plausibly allege: "(1) an action pursuant to a municipal policy, (2) culpability, meaning that policymakers were deliberately indifferent to a known risk that the policy would lead to constitutional violations, and (3) causation, meaning the municipal action was the 'moving force' behind the constitutional injury." *Pulera v. Sarzant*, 966 F.3d 540, 550 (7th Cir. 2020) (citations omitted). This complaint does not allege sufficient facts to plausibly state a *Monell* claim.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do

2

better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. Nevertheless, Taghon may file an amended complaint if he has additional facts which he believes would state a claim because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form with additional facts, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Travis T. Taghon until **September 30, 2020**, to file an amended complaint; and

(2) CAUTIONS Travis T. Taghon if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on September 2, 2020

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT